184 June 12, 2024 No. 396

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

HANNAH EMILY HILLOCK,
*Defendant-Appellant.*

Wallowa County Circuit Court
20CR29640; A178627

Thomas B. Powers, Judge.

Argued and submitted May 14, 2024.

Matthew Blythe, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Defendant appeals a conviction of one count of driving under the influence of intoxicants (DUII), ORS 813.010,[1] entered after a jury verdict. Defendant raises one assignment of error, contending that the trial court erred when it allowed a breath testing expert to testify about the pharmacological properties of a medication that defendant had been taking. Defendant further contends that that error was not harmless because the expert's testimony "severely undercut [her] defense." The state concedes that the trial court erroneously admitted the expert's testimony about the medication's ingredients but contends that any error was unlikely to have affected the jury's verdict. We agree with the state and affirm.

We "affirm a defendant's conviction despite evidentiary error if there is little likelihood that the particular error affected the verdict." *State v. Robintree*, 325 Or App 267, 277, 528 P3d 1207, *rev den*, 371 Or 309 (2023) (internal quotation marks omitted). We have reviewed the challenged testimony in the context of the trial record and conclude that there is "little likelihood that the error affected the jury's verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In view of the other evidence in the trial record—that defendant produced a 0.23 percent BAC result on a breath test; admitted to drinking alcoholic beverages; committed moving violations while driving; slurred her speech; showed indications of impairment while performing field sobriety tests; and admitted to the officer that she felt "wonky"—any error in admitting evidence that defendant also took a medication that contained 1 percent alcohol had little likelihood

---

[1] ORS 813.010 provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a) Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b) Is under the influence of an intoxicant or a combination of intoxicants; or

"(c) Within two hours after driving a vehicle, and without consuming alcohol in the intervening time period, has 0.08 percent or more by weight of alcohol in the blood of the person, as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150"

of affecting the jury's verdict on the impairment theory of DUII.[2]

Affirmed.

_____

[2] The trial court instructed the jury that it could convict defendant if it found either that (1) she drove with a BAC of 0.08 percent or higher (i.e., the blood alcohol theory of DUII) or (2) her "physical or mental faculties were adversely affected by the use of intoxicating liquor to a noticeable or perceptible degree" (i.e., the impairment theory of DUII). The state relied on both theories during its closing argument.

At oral argument, defendant conceded that any erroneous admission of the challenged testimony was unlikely to have affected the jury's verdict as to the blood alcohol theory of DUII. We agree with and accept that concession. Consequently, our discussion relates solely to the impairment theory of DUII.